UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATTHEW MACORMIC, ERIC HOWARD, CONNOR HENRICHS, And JOYCE FRYER-KAUFFMAN, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VI-JON, LLC,<br><br>Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 4:20CV1267 HEA |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Compel Discovery Responses [Doc. No. 56]. For the reasons set forth below, Plaintiff's Motion to Compel will be granted in part and denied in part.

### **Facts and Background**

Plaintiffs bring this action against Defendant as a consumer protection putative class action. Plaintiffs allege Defendant's hand sanitizing products (the "Products") are advertised and labelled in a false and misleading way, specifically Defendant's claim that the Products are able to kill 99.99% of germs. Plaintiffs allege violation of Missouri's Merchandising Practices Act, breach of express warranty, breach of implied warranty, and unjust enrichment. Defendant's Motion to Dismiss was denied by this Court on August 6, 2021, and parties then engaged

in discovery. Plaintiffs now bring forth this Motion to Compel to resolve discovery issues between parties.

## Legal Standard

Federal Rule of Civil Procedure 26 sets forth the scope of discovery in general:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

## Discussion

Plaintiffs request discovery consistent with the definition of "Products" set forth in the Complaint, nationwide sales information, and substantial response to each of Plaintiffs' interrogatories.[1] Plaintiffs also request production of documents and provide testimony in response to Document Request No. 9 and 30(b)(6) Topic No. 18.

**Products Scope**

Defendant objects to production of information on its products beyond those that Plaintiffs purchased, arguing that Plaintiffs lack standing to sue on these other unpurchased products and thus they should be excluded from discovery. Plaintiffs

---

[1] Plaintiffs initially sought discovery consistent with the previously proposed class period. However, Plaintiffs withdrew this request in their Motion to Amend/Correct [Doc. Np. 62] after discussion with Defendant.

2

argue that, under relevant precedence, they do have standing on unpurchased products. *See Goldman v. Tapestry, Inc.*, 501 F. Supp. 3d 662, 667 (E.D. Mo. 2020). Plaintiffs argue these other products are covered under the scope of the Products as defined in the Complaint, and they are substantially similar to the products that Plaintiffs purchased. As Plaintiffs' discovery request is relevant and proportional to their claim, the Court finds that Plaintiffs are entitled to evidence of Defendant's other hand sanitizer products.

**Nationwide Sales Information**

Plaintiffs seek information regarding Defendant's nationwide sales; however, Defendant has only agreed to information related to Missouri sales, with nationwide sales information contingent upon the certification of a nationwide class. Prior to class certification, Defendant argues that nationwide sales information is not proportional to the needs of the case and is premature. While Defendant alleges that as Plaintiffs will soon drop the nationwide allegations, the Motion to Compel nationwide sales information in this regard is moot. Plaintiffs disagree, arguing that until Plaintiffs file a motion to limit the nationwide class, Defendant should be required to produce nationwide information.

Defendant's allegation that Plaintiffs' request is not proportional to the claim lacks further support in Defendant's response. This Court has previously interpreted Rule 26 to decree that boilerplate objections as insufficient to exempt production in discovery. *See SI03, Inc. v. Musclegen Rsch. Inc.*, No. 1:16-CV-274 RLW, 2020 WL 6544261, at *3 (E.D. Mo. Nov. 6, 2020); Fed. R. Civ. P. 26(b)

advisory committee's note to 2015 amendment. In general, the scope of discovery under Rule 26 is extremely broad. As such, the Court overrules Defendant's objection and compels Defendant to produce nationwide sales information.

**Substantial Replies to Interrogatories**

Defendant has relied on Fed. R. Civ. P. 33(d) in response to Plaintiffs' interrogatories and has produced thousands of documents for Plaintiffs' interrogatories, and thousands more since the filing of this Motion. Plaintiffs seek to compel Defendant to substantially respond to the interrogatories due to alleged improper reliance and execution of Rule 33(d). However, the purpose of Rule 33(d) is to shift the burden of perusing documents from the producing party to the requesting party. *Handi-Craft Co. v. Action Trading, S.A.*, No. 4:02 CV 1731 LMB, 2004 WL 043510, at *5 (E.D. Mo. Mary 21, 2004). Defendant has responded with documents that clearly correspond to the interrogatories and has satisfied the requirements of Rule 33(d).

**Document Request No. 9 and 30(b)(6) Topic No. 18**

Plaintiffs request production of information related to "lawsuits, administrative actions, complaints, consumer inquiries, and other claims that have been filed, made, or threatened by any Person or entity relating to the Product Representations, including any settlements attempted or reached to resolve such matters." While much of this information, though not all, is publicly available information, Defendant is in the best position to identify and produce this information. *CitiMortgage, Inc. v. Allied Mortg. Grp., Inc.*, No. 4:10 CV 01863

4

JAR, 2012 WL 1554908, at *4 (E.D. Mo. May 1, 2012). Plaintiffs have requested information on lawsuits related to representations of the products at issue, a relevant request. Plaintiffs' request is not overly broad. The Court will compel Defendant to respond to Document Request No. 9 and 30(b)(6) Topic No. 18.

## Conclusion

For the reasons above, Plaintiffs' Motion to Compel will be granted in part and denied in part.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Discovery Responses, [Doc. No. 56], is **GRANTED IN PART AND DENIED IN PART**.

Dated this 13th day of May 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE