## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **MATTHEW MACORMIC, ERIC HOWARD and JOYCE FRYER-KAUFFMAN, individually, and on Behalf of others similarly situated,** | ) ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **CASE NO: 4:20CV1267 HEA** |
| **VI-JON, LLC a Delaware Limited Liability Company,** | ) ) ) | |
| **Defendants.** | ) ) | |

## OPINION, MEMORANDUM AND ORDER

Plaintiffs have filed their Motion to Certify Class, [Doc. No. 77], Plaintiffs'

Consent Motion for Leave to File Under Seal, [Doc. No. 79], Defendant has filed a

Motion for Leave to File under Seal, [Doc. No. 96], and a Motion for Leave to File

Sur-Reply, [Doc. No. 125].  As the motions are fully briefed they ready for

disposition.  The Motions for Leave to File Under Seal are granted; the Motion for

Leave to File Sur-Reply is granted; the Motion for Class Certification will be

denied.

### Background

Plaintiffs initiated this putative class action on September 15, 2020.  They

filed their First Amended Class Action Complaint ("FAC") on November 20,

2020, alleging that the front label on Defendant's alcohol-based hand sanitizers is misleading because it states that the hand sanitizers "kill 99.99% of germs" or "kill more than 99.99% of germs". Plaintiffs allege germ "is a commonly understood term as an organism that causes disease," however, the hand sanitizers do not actually kill 99.99% of the organisms that cause disease, including certain non-enveloped viruses (for example, norovirus), protozoa (for example, the microbe that causes toxoplasmosis), and bacterial spores (for example, the organism that causes the gastric condition, C. difficile).

Plaintiffs allege they purchased the hand sanitizers and were misled and deceived by the representations on the front label. Plaintiffs allege they would not have purchased the hand sanitizers or would have purchased them on different terms if they had known the truth.  They claim the hand sanitizers were worth less than they represented by Defendant.

Plaintiffs seek to certify two nationwide classes under Missouri law based on

(i) nationwide application of the [Missouri Merchandising Practices Act] MMPA due to Defendant's substantial conduct emanating from the State of Missouri; and (ii) application of Missouri's unjust enrichment law under a choice of law analysis pursuant to §221 of the Restatement.

Plaintiffs Matthew Macormic, Eric Howard, and Joyce Fryer-Kaufman seek appointment to certify and serve as Class Representatives of the following Nationwide MMPA Class and Unjust Enrichment Class:

The Nationwide Class: All residents of the United States who, from September 15, 2015 through January 21, 2020, purchased Defendant's alcohol-based hand sanitizer Products for personal, family, or household purposes that bear a "kills 99.99% of germs" or "kills more than 99.99% of germs" representation on the front label.

Alternatively, Missouri Plaintiffs and representatives from each of the States of Florida, Illinois, and New York (collectively "Class Representatives") seek appointment to certify and serve as Class Representatives pursuant to the consumer protection laws and unjust enrichment laws of each of their respective states (the "Alternative Classes"). Plaintiffs and Class Representatives seek certification of each of the following respective single-state Classes or of any one or more of the following Classes:

The Missouri Classes. Class Representatives Matthew Macormic, Eric Howard, and Joyce Fryer-Kaufman seek appointment to serve as Class Representatives of the Missouri Consumer Class and Missouri Unjust Enrichment Class, defined as follows:

All Missouri purchasers who, from September 15, 2015 through January 21, 2020, purchased Defendant's alcohol-based hand sanitizer Products for personal, family, or household purposes that bear a "kills 99.99% of germs" or "kills more than 99.99% of germs" representation on the front label.

The Florida Classes. Class Representative Theresa Kimbrell seeks appointment to serve as the Class Representative for the Florida Consumer Class and Florida Unjust Enrichment Class, defined as follows:
All Florida purchasers who, from September 15, 2016 through January 21, 2020, purchased Defendant's alcohol-based hand sanitizer Products for personal, family, or household purposes that bear a "kills 99.99% of germs" or "kills more than 99.99% of germs" representation on the front label.

The Illinois Classes. Class Representative Stephanie Foster seeks appointment to serve as the Class Representative for the Illinois Consumer Class and Illinois Unjust Enrichment Class, defined as follows:

Illinois Consumer Class. All Illinois purchasers who, within the applicable statute of limitations and through January 21, 20209, purchased Defendant's alcohol-based hand sanitizer Products for personal, family, or household purposes that bear a "kills 99.99% of germs" or "kills more than 99.99% of germs" representation on the front label.

The New York Classes. Class Representative Karen Blachowicz seeks appointment to serve as the Class Representative for the New York Consumer Class and New York Unjust Enrichment Class, defined as follows:

New York Consumer Class. All New York purchasers who, within the applicable statute of limitations and through January 21, 202010, purchased Defendant's alcohol-based hand sanitizer Products for personal, family, or household purposes that bear a "kills 99.99% of germs" or "kills more than 99.99% of germs" representation on the front label.

## Legal Standard

Federal Rule of Civil Procedure 23 governs class action lawsuits. "District courts have broad discretion to determine whether certification is appropriate." *Harris v. Union Pac. R.R. Co.*, 953 F.3d 1030, 1033 (8th Cir. 2020) (quotation omitted). A certified class must meet all of the Rule 23(a) elements and one of the Rule 23(b) subsections. *Postawko v. Mo. Dep't of Corr.*, 910 F.3d 1030, 1036 (8th Cir. 2018). The Rule 23(a) elements are commonly referred to as "numerosity, commonality, typicality, and fair and adequate representation." *Id.* at 1037 (quoting *Luiken v. Domino's Pizza, LLC*, 705 F.3d 370, 372 (8th Cir. 2013)).

District courts must conduct a rigorous analysis—considering all parties' evidence—of all the Rule 23 requirements. *Id.* at 1036 (citation omitted).

Rule 23(b)(3) classes can be certified when a court finds "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." The predominance inquiry under 23(b)(3) is "far more demanding" than the commonality inquiry of 23(a). *Ebert v. Gen. Mills, Inc.*, 823 F.3d 472, 478 (8th Cir. 2016) (citation omitted). To determine predominance, courts must analyze "whether a prima facie showing of liability can be proved by common evidence or whether this showing varies from class member to class member." *Webb*, 856 F.3d at 1156 (cleaned up). If individual questions overwhelm the questions common to the class, predominance is not satisfied. *Ebert*, 823 F.3d at 478–79.

Rule 23(b)(2) classes seek injunctive relief that applies to all members of the class. *Postawko*, 910 F.3d at 1039–40 (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011)). To certify a class under this subsection, the Rule requires that "the party opposing the class [must have] acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). These class claims must be cohesive. *Postawko*, 910 F.3d at 1039 (citing

*Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1035 (8th Cir. 2010)); *see generally* William B. Rubenstein, 2 Newberg & Rubenstein on Class Actions § 4:34 (6th ed. 2022). The 23(b)(2) cohesiveness requirement is more stringent than the 23(b)(3) predominance requirement because (b)(2) classes do not allow for opt-outs and (b)(2) classes do not require notice to members. *Ebert*, 823 F.3d at 480 (citation omitted).

Rule 23(a)(2) is satisfied where there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Plaintiffs must show that there are common questions with "common answers apt to drive the resolution of the litigation" for the proposed class as a whole. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, (2011) (internal quotation omitted). The class claims "must depend on a common contention" which is "of such a nature that it is capable of class wide resolution— which means that determination of its truth or falsity will resolve the issue that is central to the validity of each one of the claims in one stroke." *O'Shaughnessy v. Cypress Media, L.L.C.*, No. 4:13-CV-0947-DGK, 2015 WL 4197789, at *6 (W.D. Mo. July 13, 2015) (citing *Dukes*, 564 U.S. at 350).

Plaintiffs contend that their claims are typical of the class because Defendant's label was false and misleading and if they had known the truth, they would not have purchased the hand sanitizers or they would have purchased them

on different terms.  That truth, according to the FAC is that the hand sanitizers kill all germs.

In response, Defendants correctly argue that Plaintiffs have failed to meet their burden to establish commonality. Macormic, Howard, Foster, Kimbrell, and Blachowicz are not typical of the members of the putative class.  They did not expect the hand sanitizers to kill *all* germs, rather, they expected the product to kill germs on their hands. Moreover, Macormic, Howard, Foster, and Blachowicz all testified that they continued to purchase hand sanitizers on the same terms. Kimbrell testified that she discontinued using hand sanitizer because counsel read her the FAC.  Thus, their claim that they are typical of the members of the class fails. Indeed, they cannot establish that they suffered any damage as a result of the alleged mislabeling.

> "'A district court may not certify a class ... 'if it contains members who lack standing.'" *In re Zurn Pex Plumbing Products Liability Litigation,* 644 F.3d 604, 616 (8th Cir.2011). The familiar requirements for standing are those articulated in *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992). Plaintiffs' proposed class cannot be certified because it includes individuals who have not suffered an injury in fact.

> *(1) Knowledge*

> Individuals who knew about BPA's existence and the surrounding controversy before purchasing Defendants' products have no injury. Plaintiffs contend each class members' knowledge is irrelevant, but these arguments are foreclosed by *State ex rel. Coca–Cola Co. v. Nixon,* 249 S.W.3d 855 (Mo.2008). *Coca–Cola* held that consumers who would continue to purchase fountain Diet Coke knowing it contained saccharin could not assert MMPA or unjust enrichment claims against Coca–Cola for

the company's failure to divulge its use of saccharin. *Id.* at 862. According to *Coca–Cola,* these consumers "***suffered no injury.***" *Id.* Likewise, consumers who knew about BPA and purchased Defendants' products anyway suffered no injury.

*In re Bisphenol-A (BPA) Polycarbonate Plastic Prod. Liab. Litig.*, No. 08-1967-MD-W-ODS, 2011 WL 6740338, at *1 (W.D. Mo. Dec. 22, 2011)(footnotes omitted). *See also, White v. Just Born, Inc.,* No. 2:17-CV-04025-NKL, 2018 WL 3748405, at *6 (W.D. Mo. Aug. 7, 2018)("'consumers who would continue to purchase Diet Coke despite knowledge of an allegedly misleading marketing practice "**suffered no injury.'** *Coca-Cola*, 249 S.W.3d at 862 (emphasis in original). Likewise, here, consumers who knew how much empty space was in Just Born's candy boxes but purchased them anyway suffered no injury.")

Rule 23(a)(3) requires that the claims of the representative parties be typical of the claims of the class. In other words, class representatives should have the same interests and seek a remedy for the same injuries as other class members. See *East Texas Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403, (1977).

Here, Plaintiffs argue that as discussed above with respect to commonality, the named Plaintiffs, as well as the members of the putative class, were damaged because of the claim that the hand sanitizers kill "all germs." However, as discussed above, the named Plaintiffs' testimony establishes that they did not believe "all germs" were killed by the hand sanitizer. Their claims, therefore, are not typical of the alleged claims in the First Amended Complaint.

Accordingly, the Court finds that, for the reasons stated, the typicality requirement has not been met.

## Conclusion

The named plaintiffs have failed to establish the requisite requirements for class certification. The named plaintiffs cannot adequately represent the putative class members since the named plaintiffs' testimony establishes they have not been damaged by the alleged misrepresentations.  The Motion for Class Certification must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Certify Class, [Doc. No. 77], is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Consent Motion for Leave to File Under Seal, [Doc. No. 79], is granted.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File under Seal, [Doc. No. 96], is granted.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File Sur-Reply, [Doc. No. 125], is granted.

Dated this 30th day of January 2023.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE